FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 03 2013 ★
C/M BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JULIAN KEVIN: WILLIAMS,

                    Plaintiff,

      - against -

2720 REALTY CO., et al.

                   Defendants.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

12 Civ. 6408 (BMC)

**COGAN, District Judge.**

Plaintiff *pro se* has submitted a petition for an order staying the execution of a notice of eviction from real property located at 2720 Foster Avenue in Brooklyn, NY. Plaintiff sought preliminary injunctive relief on December 28, 2012. It was unclear whether plaintiff was seeking both a temporary restraining order and a preliminary injunction, or just a preliminary injunction. To the extent plaintiff was seeking the former, the Court denied the TRO on the same day. Plaintiff's request to proceed *in forma pauperis* is granted solely for the purpose of this Order. The Court dismisses the Complaint and denies a preliminary injunction for the reasons set forth below.

## BACKGROUND

As described in some detail by Judge Marc Finkelstein of the New York City Civil Court, Housing Part, in his August 31, 2012 decision, plaintiff is a self-described member of the sovereign citizen movement – a group which, among other things, believes that the 1933 resolution providing for the United States' shift away from the gold standard in fact secretly converted the physical bodies of American citizens into assets which were pledged, along with

their property, as security for the national debt. See 2720 Realty Co. v. Jason Robert Williams, No. L&T 077392/12 (N.Y. Hous. Part. Aug. 31, 2012). According to this group, individual Treasury trust accounts exist for each American citizen, and these accounts may be drawn upon by their "rightful owners" by way of various homemade financial instruments. Id. Adherents of this ideology may be recognized by the unique method they use to punctuate their names and the use of certain language, paperwork, and techniques – all of which are utilized by plaintiff.

Plaintiff attempted to use a homemade money order to pay for several months of rent owed on the property in question. The instrument was rejected by the bank as fraudulent, and a notice of eviction was subsequently issued. Because plaintiff's complaint is replete with the convoluted language characteristic of the sovereign citizen movement, his request for relief is ambiguous at best. Liberally construed, he appears to argue, as he did before Judge Finkelstein, that his money order should be honored, and that defendants should be estopped from obtaining summary judgment or a dismissal because they "failed to respond and answer." (Defendants' time to answer has not expired.) He appears to request review of Judge Finkelstein's finding that plaintiff's self-issued money order was not legal tender. He has also moved for an order staying execution of the eviction warrant. Plaintiff has offered no lawful argument as to why the Court should grant him relief. Rather, he maintains that his false money order should have been considered timely lawful tender of payment under the convoluted theory espoused by members of the sovereign citizen group.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

Nevertheless, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Additionally, "[f]ederal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); accord Cave v. East Meadow Union Free School Dist., 514 F.3d 240, 250 (2d Cir. 2008).

## DISCUSSION

"Federal courts do not have subject-matter jurisdiction over landlord-tenant matters." Rosquist v. St. Marks Realty Assoc., LLC, No. 08-CV-2764, 2008 WL 2965435, at *2 (E.D.N.Y. Aug. 1, 2008) (citing cases); see also Southerland v. NYCHA, No. 10-CV-5243, 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (dismissing wrongful eviction claim against NYCHA because federal courts do not have subject matter jurisdiction over landlord-tenant matters); Oliver v. NYCHA, No. 10-CV-3204, 2011 WL 839110, at *3 (E.D.N.Y. Mar. 2, 2011). Since this is plainly a landlord-tenant dispute, this Court may not intervene.

Even if the Court had subject matter jurisdiction over landlord-tenant matters, the Rooker-Feldman doctrine would prevent it from asserting jurisdiction because plaintiff seeks review of a state court judgment rendered before these federal district court proceedings commenced. Under 28 U.S.C. § 1257, only the United States Supreme Court is vested with jurisdiction over appeals from final state court judgments. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) ("Rooker-Feldman doctrine"). Lower federal courts lack subject matter jurisdiction in

"cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). See also Hoblock v. Albany Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005); Reyes v. Fairfield Properties, 661 F. Supp. 2d 249, 272-74 (E.D.N.Y. 2009); Torres v. City of New York, No. 09 CV 1894, 2009 WL 1346396, at *2 (E.D.N.Y. May 13, 2009) (district court lacks jurisdiction to vacate "the orders of the state courts regarding [plaintiff's] upcoming eviction from her home.").

Finally, plaintiff's only argument in favor of relief is that his money order was legitimate and should have been accepted as legal tender. The sovereign citizen ideology upon which that belief is based has been repeatedly rejected. See e.g., Bryant v. Washington Mutual Bank, 524 F. Supp. 2d 753 (W.D. Va. 2007); United States v. Harris, 332 F. Supp. 2d 692 (D. N.J. 2004); United States v. Waalee, 133 Fed. Appx. 819 (3d Cir. Pa. 2005); United States v. Getzschman, 81 Fed. Appx. 619 (8th Cir. 2003). This Court agrees with the reasoning in these cases and finds that plaintiff has failed to state a claim.

Because plaintiff's legal theory is without merit, no amendment could cure the deficiency as to the claim or the lack of subject matter jurisdiction. Therefore, the Court will not grant leave to amend. See Pangburn v. Culberston, 200 F.3d 65, 70-71 (2d Cir. 1999).

## CONCLUSION

Accordingly, the Court dismisses the complaint against defendants for lack of subject matter jurisdiction and failure to state a claim. Plaintiff's request for injunctive relief is denied as moot. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/S/ Judge Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       January 3, 2013